**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MAURICE AL DANIEL,                    *
                                      *
          Claimant,                   *
                                      *
     v.                               *          Civil Case No. SAG-11-1318
                                      *
CAROLYN W. COLVIN,                    *
Acting Commissioner of Social Security, *
                                      *
          Defendant.                  *

                                 ******

                              **MEMORANDUM**

     This matter is before the Court by the parties' consent.  (ECF Nos. 6, 7).  Vincent Piazza,

Esq. has filed a petition for attorney's fees pursuant to the Social Security Act, 42 U.S.C. §§

406(b) and 1383(d)(2).  (ECF No. 25).  The Commissioner responded to Mr. Piazza's petition,

noting that the fee agreement between Mr. Piazza and his client is silent about fees to be awarded

under the Social Security Act.  (ECF No. 27).  Following a request from this Court, Mr. Piazza

filed a supplemental letter.  (ECF No. 29).  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md.

2014).  For the reasons set forth below, Mr. Piazza's Petition for Attorney's Fees is GRANTED

in part and DENIED in part.

     **I.   BACKGROUND**

     Maurice Al Daniel filed claims for disability benefits, and was represented throughout the

agency proceedings by Mr. Piazza.  After benefits were denied through the administrative

appeals process, on May 16, 2011, Mr. Al Daniel petitioned this Court to review the Social

Security Administration's ("SSA") final decision to deny his claims.  (ECF No. 1).  After the

SSA consented to remand, this Court remanded Mr. Al Daniel's claims to the agency under

                                        1

Sentence Four of 42 U.S.C. § 405(g), on February 17, 2012.  (ECF No. 21).

After the consent remand, Mr. Al Daniel requested attorney's fees for Mr. Piazza under the Equal Access to Justice Act ("EAJA") and 42 U.S.C. § 406(b) on March 19, 2012.  (ECF No. 22).  Mr. Piazza was granted $3,850.00 in fees under the EAJA.[1]  (ECF No. 24).  However, the funds were intercepted as a result of monies owed to the government by Mr. Al Daniel, and Mr. Piazza did not receive the EAJA fees.  (ECF No. 29).  After further proceedings at the agency, on December 18, 2013, the SSA awarded benefits to Mr. Al Daniel.  (ECF No. 25-2).  On July 15, 2014, the SSA calculated the past-due benefits owed to be $90,714.00.  (ECF No. 25-4).  The SSA authorized a fee in the amount of $6,000.00, minus a small administrative fee, for Mr. Piazza's work in front of the agency.  (ECF No. 25-4 at 3).

Mr. Piazza timely filed the instant Petition for Attorney's Fees within thirty days after the SSA's Notice of Award.  Mr. Piazza now seeks an additional $16,678.50 for his 30.8 hours of work in front of the federal district court.  (ECF No. 22-2).  When added to the $6,000.00 already paid, $16,678.50 represents twenty-five percent of the past-due benefits awarded to Mr. Al Daniel.

## II. ANALYSIS

Upon an award of past-due benefits under Title XVI Supplemental Security Income, 42 U.S.C. § 1383 authorizes the payment of reasonable attorney's fees totaling no more than

---

[1] Further, Mr. Al Daniel's motion for fees under § 406(b) was granted, provided that the fee did not exceed twenty-five percent of the plaintiff's past due benefits and was "subject to final review and approval as reasonable by this Court upon receipt by this Court of a copy of Defendant's Award Notice which is to be forwarded within 30 days from the date thereon to this Court and counsel for the Defendant."  (ECF No. 24).  While a claimant must file a request for fees under § 406(b) within thirty days of a Sentence Four remand, that request for fees should most appropriately have been deferred or denied without prejudice to refiling within thirty days after an award of past-due benefits by the agency. Essentially, the adjudication under § 406(b) should happen after benefits have actually been awarded. The standard language currently in use in the Government's form consent orders effectuates that procedure.

twenty-five percent of such benefits.  42 U.S.C. § 1383(d)(2)(B)(i).  Section 1383 specifically

incorporates provisions of 42 U.S.C. § 406(b), which governs payment of attorney's fees out of

an award of past-due benefits under Title II Disability Insurance Benefits.  42 U.S.C. §

1383(d)(2)(A).  In practice, the two statutes function identically, and the same considerations are

undertaken in determining reasonable fees under each provision.

The Supreme Court has emphasized the primacy of the contingent-fee agreement made

between attorney and client in determining the fees that should be paid to that attorney for

successfully representing a claimant for Social Security benefits.  *Gisbrecht v. Barnhart*, 535

U.S. 789, 807 (2002).  The court's role is to "review such agreements as an independent check,

to assure that they yield reasonable results in particular cases."  *Id.*

The contingent-fee agreement between Mr. Piazza and Mr. Al Daniel reads:

[My attorney and I] agree that if the SSA favorably decides the claim *at any stage
through the first hearing at the Administrative Law Judge level* I will pay my
attorney *a maximum fee of the lower of* (a) 25% of all past-due benefits, or (b)
$5,300.00 or the applicable maximum amount set by the Commissioner pursuant
to 42 U.S.C. section 406(a).

(emphasis added). [2]  (ECF No. 19, Exh. 3).  After reviewing that language, this Court asked Mr.

Piazza to provide any additional fee agreements that govern the fee for any proceedings

occurring *after* the first hearing at the Administrative Judge level, including the proceedings in

this Court.   (ECF No. 28).   Mr. Piazza confirmed that no additional fee agreements were

executed, meaning that there is no contingent fee agreement governing the services Mr. Piazza

provided to Mr. Al Daniel in this Court.  In fact, despite this Court's prior interpretations of this

---

[2] Fee agreements approved by the agency on or after June 22, 2009 are subject to a $6,000.00 maximum.
*See* Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080-02 (Feb. 4, 2009).
Although the fee agreement at issue was signed by the claimant and Mr. Piazza on November 13, 2006, it
appears that the agency treated it as having been approved on or after June 22, 2009.  That assumption
coincides with the award of fees by the agency in the amount of $6,000.00.

same language, Mr. Piazza again appears to misapprehend his own agreement, as he contends in his Petition for Attorney's Fees that, "My client and I have entered into a retainer agreement, in which the client agreed that my fee would be 25% of the client's retroactive Title II Disability Insurance Benefits and Title XVI Supplemental Security Income."  (ECF No. 25 at 1).  No such language appears in the agreement.

This case therefore differs from the heartland of cases, which typically present with a contingent fee agreement, signed by the claimant, memorializing an agreement to pay a fee of twenty-five percent of past-due benefits.  In the absence of any governing contingent fee agreement, the inquiry turns to assessing a "reasonable fee" under 42 U.S.C. § 1383(d)(2).  In assessing the reasonableness of a fee, this Court must consider "the character of the representation and the results the representative achieved."  *Gisbrecht,* 535 U.S. at 808.  Several factors militate against awarding Mr. Piazza the maximum allowable remaining fee of $16,678.50 for his 30.8 hours of work.  First and foremost, given the limited language in the retainer agreement presented to Mr. Al Daniel, Mr. Piazza has presented no evidence that suggests Mr. Al Daniel was ever made aware that Mr. Piazza could eventually be awarded more than $6,000.00 from Mr. Al Daniel's past-due benefits.  *See* (ECF No. 25-3) ("I will pay my attorney *a maximum fee of the lower of* (a) 25% of all past-due benefits, or (b) $5,300.00 or the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. 406(a)") (emphasis added).  The instant petition for additional fees was filed by Mr. Piazza, not Mr. Al Daniel. Second, the character of the representation provided was not complex.  The 30.8 hours involved filing only a one-page boilerplate complaint, and a motion for summary judgment, along with various administrative tasks.  If the Court were to allow $16,678.50 in additional fees for that court representation, the hourly rate would amount to $541.50 per hour.  That high rate is

unwarranted, particularly since 4.8 of the 30.8 hours of work was comprised of tasks that could have been performed by a paralegal or administrative assistant, such as 1.1 hours for "Prepared and electronically filed Complaint, Summons, and Civil Cover Sheet and Electronically filed," 0.3 hours for "Received and reviewed summons from Federal Court," 0.1 hour for "Received Order Granting Motion for Leave to Proceed in Forma Pauperis," 0.8 hours for "Prepared and released Service of Summons and Complaint to Attorney General, General Counsel, and U.S. Attorney," 0.2 hours for "Received and reviewed Defendant's Consent to Magistrate and Notice of Appearance by Alex Gordon," 0.3 hours for "Drafted and electronically filed Consent to Magistrate," 0.2 hours for "Received and reviewed Order referring case to Magistrate Judge," 0.4 hours for "Electronically filed returned executed summons to Office of General Counsel and Attorney General's office," 0.1 hours for "Received Transcript of file," 0.2 hours for "Received and reviewed Proposed Scheduling Order submitted by Defendant," 0.1 hours for "Received Paperless Order Approving Proposed Scheduling Order," 0.2 hours for "Received and reviewed Defendant's Consent Motion for Extension of Time; logged into system," 0.2 hours for "Received Paperless Order Granting Motion for Extension of Time," 0.2 hours for "Received and reviewed Defendant's Consent Motion for Extension of Time; logged into system," 0.1 hour for "Received Paperless Order Granting Motion for Extension of Time," 0.1 hour for "Received Notice of Filing of Official Transcript," and 0.2 hours for "Received and reviewed Order granting Consent Motion to Remand."[3]  Assuming, in Mr. Piazza's favor, that there is some

---

[3] It should be noted that this Court is not obligated to compensate Mr. Piazza for clerical tasks under either the EAJA or 42 U.S.C. § 1383. *See Meade v. Barnhart*, 218 F. Supp. 2d 811, 813 (W.D. Va. 2002) (finding clerical tasks non compensable under 42 U.S.C. § 406(b)); *Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total attorney fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all").

"attorney work" mixed in with those almost wholly administrative tasks, a total of 0.5 hours of time is sufficient.  This Court will thus reduce the number of hours to 26.5, at the current EAJA rate of $190.00 per hour,[4] and will award $5,035.00 under 42 U.S.C. §§ 406(b) and 1383(d)(2). With the amount awarded at the agency level, Mr. Piazza will ultimately receive a total fee of $11,035.00, or 12.16 percent of Mr. Al Daniel's back benefits, for his work on this case.

### III.  CONCLUSION

Based on the foregoing, the Court GRANTS in part and DENIES in part Mr. Piazza's Petition for Attorney's Fees.  (ECF No. 25).  A separate order follows.


Dated: March 11, 2015                                    _____/s/_____
                                                         Stephanie A. Gallagher
                                                         United States Magistrate Judge

---

[4] Under the EAJA, attorney's fees are capped at $125.00 per hour, but courts are permitted to adjust the rate to compensate for an increase in cost of living.  28 U.S.C. § 2412(d)(2)(A)(ii).  The current cost of living increase places the EAJA cap at approximately $190.00 per hour.  Although the EAJA does not govern the hourly rate appropriate for an award of benefits under the Social Security Act, its statutory cap is instructive as to what constitutes a reasonable rate in this case in the absence of a fee agreement.